UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Docket no. 2:11-cr-228-GZS |
| | ) |
| RICHARD A. SZPYT & RAMON DELLOSANTOS, | ) |
| | ) |
| Defendants. | ) |

ORDER ON PENDING MOTIONS

Before the Court are the following motions filed by Defendant Dellasantos: (1) Motion to Dismiss for Improper Venue (ECF No. 62), (2) Motion to Dismiss Due to Judicial Estoppel (ECF No. 63), (3) Motion to Dismiss for Speedy Trial Violations (ECF No. 64) and (4) Motion to Dismiss for Double Jeopardy Violations (ECF No. 65).  Additionally, Defendant Szpyt has filed his Motion to Dismiss based on Double Jeopardy Violations (ECF No. 102).

As to the Motion to Dismiss for Improper Venue (ECF No. 62), the Motion is DENIED in light of Government's proffer of overt acts occurring in Maine.  This ruling is without prejudice to Defendant renewing any venue objections should the evidence at a future trial vary from the Government's proffer.

As to the Motion to Dismiss for Speedy Trial Violations (ECF No. 64), the Motion is DENIED for reasons adequately stated in the Government's Response (ECF No. 109).

As to all other remaining motions, the Court RESERVES RULING.  The remaining motions shall be set for hearing.  The Court notes that based on its initial review of the written submissions on the double jeopardy issue, it is inclined to conclude that Defendants have established a prima facie nonfrivolous double jeopardy claim with respect to Count I.  Thus, at the hearing, the Court is particularly interested in whether the Government can meet its burden of proving "'by a preponderance of the evidence that the indictments charge separate offenses.'" United States v. Laguna-Estela, 394 F.3d 54, 56 (1st Cir. 2005) (quoting United States v. Booth,

673 F.2d 27, 30-31 (1st Cir.1982)).)  In order to meet that burden and in the absence of a stipulated proffer, the Government shall be prepared to present at the hearing any evidence that it intends to present at the trial in this case that was not presented at the prior 2009 trial in <u>USA v. Szpyt et al.</u> (2:08-CR-54-GZS).

Additionally, the Court draws all counsel's attention to the Supreme Court's February 20, 2013 decision in <u>Evans v. Michigan</u>, --- S. Ct. --- (2013), and asks that all counsel be prepared to indicate on the record their views as to what impact, if any, this decision has on the double jeopardy arguments presented in their prior related submissions to this Court.

SO ORDERED.

    /s/ George Z. Singal         
United States District Judge

Dated this 6th day of March, 2013.