UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                                           ) | No. 2:11-cr-228-GZS |
| ) | |
| RICHARD W. SZPYT,                            ) | |
| ) | |
|              *Defendant*                             ) | |

**MEMORANDUM DECISION AND ORDER ON MOTION
FOR RECONSIDERATION OF DETENTION ORDER**

Defendant Richard W. Szpyt moves for reconsideration of my order of July 20, 2012, detaining him pending trial. *See* Motion for Reconsideration of Order of Detention ("Motion") (ECF No. 137) at 1; Detention Order Pending Trial ("Detention Order") (ECF No. 81). He relies primarily on Judge Singal's April 3, 2013, order dismissing Count One, the most serious of the four charges on which he was indicted, on double jeopardy grounds. *See* Motion at 4-8; Indictment (ECF No. 1); Order on Motions To Dismiss ("Dismissal Order") (ECF No. 133) at 1, 8 & n3.[1]

On June 27, 2013, I held a hearing during which the defendant offered two exhibits, which were admitted without objection, and both sides argued orally. At hearing, counsel for the government conceded that, if the dismissal of Count One removes it from the factors to be weighed in assessing the appropriateness of pretrial release pursuant to 18 U.S.C. §§ 3142(g)(1)

---

[1] The defendant was charged in Count One with knowingly and intentionally conspiring with others to distribute and possess with intent to distribute five kilograms or more of a mixture and substance containing cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and 18 U.S.C. § 2. *See* Indictment. The penalty if convicted includes a minimum term of imprisonment of 10 years and a maximum term of life imprisonment. *See* 21 U.S.C. §§ 841(b)(1)(A), 846. The defendant was charged in Counts Two through Four with knowingly and intentionally using a telephone to commit, cause, and facilitate the distribution of cocaine, in violation of 21 U.S.C. § 843(b). *See* Indictment; Dismissal Order at 8 n.3. The penalty if convicted on any of these three counts includes a maximum term of imprisonment of four years. *See* 21 U.S.C. § 843(d).

& (2), the defendant's release on what he termed "very strict conditions" would be appropriate.[2] However, he argued that the court can and should continue to take Count One into consideration because the dismissal is not final, the government having appealed that portion of the Dismissal Order. He contended that, with Count One as a factor regarding bail or detention, the defendant should continue to be detained on the basis of his dangerousness to the community.[3] The defendant's counsel countered that, despite the pendency of the government's appeal, Count One has been dismissed, eliminating it for purposes of pretrial detention analysis, and should be afforded no weight.

Given the centrality of this issue, which is one of first impression in this district, I directed that both sides file simultaneous post-hearing briefs and replies on that point, and they have done so. *See* Government's Supplemental Brief on Defendant's Motion To Revoke/Amend Detention Order ("Government's Post-Hearing Brief") (ECF No. 164); Defendant Richard Szpyt's Supplemental Memorandum in Support of Motion for Reconsideration of Order of Detention ("Defendant's Post-Hearing Brief") (ECF No. 165); Defendant Richard Szpyt's Reply Memorandum in Support of Motion for Reconsideration of Order of Detention ("Defendant's Post-Hearing Reply") (ECF No. 166); Government's Reply Brief on Defendant's Motion To Revoke/Amend Detention Order ("Government's Post-Hearing Reply") (ECF No. 167).

---

[2] The defendant proposed a package of conditions that included (i) an order to reside at his marital home, (ii) electronic monitoring, (iii) the execution of surety bonds, (iv) the posting of the family home as security, (v) a ban on contact with his former co-defendant, (vi) a ban on his use or possession of a cellular telephone, (vii) a ban on communication with any persons known to him to be a member of a motorcycle club, and (viii) the undertaking of reasonable efforts to secure employment. *See* Motion at 5. At hearing, counsel for the government objected that this package is not sufficiently strict to address the defendant's dangerousness if he is released. He contended, *inter alia*, that the defendant should not be permitted to stay at the marital home because it was the locus of drug trafficking and that the defendant requires a third-party custodian who has no connection to drug trafficking.

[3] Counsel for the government indicated at oral argument that the government does not seek the defendant's continued detention on the basis that there is a risk of flight.

With the benefit of the parties' original briefs, oral argument, and post-hearing briefing, I conclude that Count One should not be factored into analysis pursuant to 18 U.S.C. § 3142(e), (g)(1), or (g)(2). In view of the government's concession that the defendant, in that scenario, would be subject to release, I grant the motion and direct the parties to (i) confer to attempt to agree upon conditions of release and (ii) file, no later than August 19, 2013, either a joint proposed order setting conditions of release or, barring such agreement, separate proposed orders.[4]

## I. Applicable Legal Standards

Pursuant to 18 U.S.C. § 3143(c), which pertains to release or detention pending appeal by the government, "[t]he judicial officer shall treat a defendant in a case in which an appeal has been taken by the United States under section 3731 of this title, in accordance with section 3142 of this title, unless the defendant is otherwise subject to a release or detention order."[5] The defendant is subject to my detention order of July 20, 2012, *see* Detention Order, the reconsideration of which he seeks pursuant to 18 U.S.C. § 3142(f)(2), *see* Motion at 1, 3. That subsection provides, in relevant part: "The [detention] hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2).

---

[4] The defendant argued in the alternative, in his initial and post-hearing briefs, that he should be released on due process grounds given the length of his pretrial detention and the dismissal of Count One. *See* Motion at 6-8; Defendant's Post-Hearing Brief at 8 n.5. I need not and do not consider this alternative basis for relief.

[5] The government's appeal of the Dismissal Order was taken pursuant to 18 U.S.C. § 3731. *See* ECF No. 139.

Pursuant to 18 U.S.C. § 3142(g), "in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community[,]" a judicial officer must "take into account the available information concerning":

    **(1)**    the nature and circumstances of the offense charged . . .;

    **(2)**    the weight of the evidence against the person;

    **(3)**    the history and characteristics of the person, including –

        **(A)**    the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

        **(B)**    whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

    **(4)**    the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

*Id.* § 3142(g). The government bears the burden of persuasion to establish that no condition or combination of conditions will reasonably assure the appearance of the person and the safety of any other person and the community. *See, e.g., United States v. Dillon*, 938 F.2d 1412, 1416 (1st Cir. 1991). However, if there is probable cause to believe that a defendant, *inter alia*, committed a controlled substance offense with a maximum term of imprisonment of 10 years or more, a "rebuttable presumption" of danger and flight arises. *See* 18 U.S.C. § 3142(e). In that instance, the defendant bears the burden of production to come forward with "some evidence" to demonstrate that he or she is not a danger to the community or a flight risk. *See, e.g., United*

4

*States v. Jessup*, 757 F.2d 378, 384 (1st Cir. 1985), *abrogated on other grounds by United States v. O'Brien*, 895 F.2d 810 (1st Cir. 1990).

## II. Background

The Grand Jury handed down the Indictment against the defendant and Ramon Dellosantos on December 14, 2011. *See* Indictment. As Judge Singal has noted, that was not the first time those two defendants faced drug conspiracy charges in the District of Maine related to their alleged activities in 2006 and 2007. *See* Dismissal Order at 2. In the earlier case of *United States v. Szpyt, et al.*, No. 2:08-cr-54-GZS ("*Szpyt I*"), both were tried and convicted of conspiring to distribute and possess with intent to distribute marijuana and five or more kilograms of cocaine between 2004 and December 2007. *See id*. The defendant also was convicted on four counts of using a telephone to commit or facilitate the commission of the conspiracy. *See id*. Dellosantos was sentenced on August 18, 2009, to 121 months in prison, and the defendant was sentenced on December 2, 2009, to life imprisonment. *See id*.

Both Dellosantos and the defendant appealed their convictions to the First Circuit. *See id*. On August 16, 2011, the First Circuit vacated their convictions, concluding that this court had erred in denying their motions for judgment of acquittal. *See id*. at 2-3. In accordance with that decision, this court entered a judgment of acquittal of Dellosantos in *Szpyt I* on November 10, 2011, and a judgment of acquittal of the defendant in *Szpyt I* on December 20, 2011. *See id*. at 3.

On December 15, 2011, the day after the Grand Jury handed down its Indictment in this case ("*Szpyt II*"), the government filed a motion to detain the defendant. *See* ECF No. 8. I held a detention hearing on January 17 and 20, 2012. *See* ECF Nos. 25, 29. On January 25, 2012, the defendant filed a motion to dismiss the charges against him on double jeopardy, Speedy Trial

5

Act, due process, and other grounds. *See* ECF No. 31. On July 20, 2012, I entered the Detention Order, noting that, as a result of the charged controlled substance offense (Count One), the rebuttable presumption of danger and flight arose. *See* Detention Order at 2. I held that the government fell short of demonstrating a risk of flight but that the credible testimony and information submitted at the hearing established, by clear and convincing evidence, that no condition or combination of conditions would reasonably assure the safety of any other person or the community. *See id*. at 3. I cited the defendant's "leadership role in the alleged drug conspiracy over an extended period of time and, second, his extremely lengthy criminal history." *Id*. I rejected his argument that his double jeopardy appeal changed the calculus, noting that the risk of danger that I found was based on his leadership role, his role in the trafficking of marijuana, and his criminal history, which were "the foundation for the conclusion that I reached [on detention] in 2008 [in *Szpyt I*] and are not changed by the chances of success or lack of success given to the defendant on appeal." *Id*.

On July 24, 2012, Judge Singal denied the defendant's pending motion to dismiss without prejudice in view of the substitution of counsel and the extension of the defendant's pretrial motion deadlines. *See* ECF No. 82.

On August 22, 2012, the defendant moved to revoke or amend my detention order, arguing, in the main, that he was likely to succeed in his double jeopardy argument, militating against his continued detention. *See* ECF No. 83. On October 3, 2012, Judge Singal denied that motion. *See* ECF No. 91. On November 30, 2012, the defendant filed a new motion to dismiss on double jeopardy grounds. *See* ECF No. 102. Judge Singal granted that motion, as well as a parallel motion by Dellosantos, by order dated April 3, 2013. *See* Dismissal Order. On April 19, 2013, the defendant filed the instant motion. *See* Motion. On April 25, 2013, the government

appealed the Dismissal Order to the First Circuit, *see* ECF No. 139, and on May 3, 2013, the defendant cross-appealed to the extent that the order denied, in part, his motion to dismiss, *see* ECF No. 142. Both appeals remain pending.

### III. Discussion

The defendant seeks release from detention on the basis that the dismissal of Count One vitiated the rebuttable presumption of dangerousness and tipped the balance of section 3142(g) factors in favor of his release. *See* Motion at 4-6; Defendant's Post-Hearing Brief at 2-8. The government, by contrast, argues that the dismissal has had (as yet) no impact because it is not final pending the cross-appeals. *See* Response to Defendant Szpyt's Motion for Reconsideration of Order of Detention ("Response") (ECF No. 146) at [1]-[3]; Government's Post-Hearing Brief at 1-3. Neither side cites any case on point. *See generally* Defendant's Post Hearing Brief; Government's Post-Hearing Brief.

The government relies on the plain language of 18 U.S.C. §§ 3143 and 3142, as well as *United States v. Jones*, 800 F. Supp.2d 90 (D.D.C. 2011), in which, in evaluating a convicted defendant's motion for release, the court declined to take into account the reversal of his conviction by the United States Court of Appeals for the District of Columbia Circuit because the Court of Appeals had withheld its mandate pending the disposition of the government's petition to the United States Supreme Court for a writ of certiorari. *See* Government's Post-Hearing Brief at 1-3; *Jones*, 800 F. Supp.2d at 92-93.

The defendant relies on (i) the plain language of section 3142, (ii) caselaw on the impact of a dismissal of charges in the context of the Speedy Trial Act, (iii) caselaw on whether suppressed evidence should be factored into analysis of "the weight of the evidence against the person" for purposes of pretrial release pursuant to section 3142(g)(2), (iv) caselaw on whether

7

the rebuttable presumption of detention in section 3142(e) applies when an indictment is still pending and a ruling has been made that, unless overturned on appeal, will result in dismissal, and (v) the need for a United States Magistrate Judge to give full effect to a ruling by a United States District Judge. *See* Defendant's Post-Hearing Brief at 2-8.

The determinative question, as framed by the government, is a narrow one: whether, for purposes of the rebuttable presumption of section 3142(e) and the first two factors of section 3142(g), Count One should be factored into analysis, despite its dismissal, on the basis of the government's pending appeal of that dismissal.[6]

The rebuttable presumption is triggered, *inter alia*, "if the judicial officer finds that there is probable cause to believe that that the person committed . . . *an offense* for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act[.]" 18 U.S.C. § 3142(e)(3)(A) (emphasis added). As the defendant argues, as a matter of reasonable statutory construction, the "offense" must refer to a specific offense charged in a complaint or indictment. *See* Defendant's Post-Hearing Brief at 3 n.1; *see also, e.g., United States v. King*, No. 5:09-CR-224-FL-1, 2010 WL 3834447, at *1 (E.D.N.C. Sept. 30, 2010) ("Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies[.]"). In a similar vein, section 3142(g)(1) takes into account "the nature and circumstances of *the offense charged*[.]" 18 U.S.C. § 3142(g)(1) (emphasis added). Finally, the "weight of the evidence[,]" *id.* § 3142(g)(2), can only reasonably be construed as describing the weight of the evidence with respect to the offense(s) charged.

---

[6] In its post-hearing reply brief, the government notes that it relies primarily on 18 U.S.C. § 3142(g). *See* Government's Post-Hearing Reply at 2-3 ("The Government continues to maintain that whether the rebuttable presumption remains is unimportant to the present detention analysis – applying the 3142(g) factors, even absent the rebuttable presumption, still requires this defendant to remain detained because of his danger to society.").

It is true, as counsel for the government emphasized, that the Dismissal Order is not final because it is subject to a pending appeal. However, that does not necessarily mean, as the government goes on to argue, that Count One is "still pending." Government's Post-Hearing Brief at 2. To the contrary, as reflected on the ECF docket, Count One is terminated. There is no indication that the government sought or obtained a stay of the Dismissal Order pending appeal. *Compare, e.g., United States v. Figueroa-Taveras*, No. 02 CR. 333(RPP), 2002 WL 31749390, at *2 (S.D.N.Y. Dec. 6, 2002) (noting that, although U.S. District Court no longer had jurisdiction to enter stay of its dismissal of indictment pending government's appeal, government had the right to seek a stay from U.S. Circuit Court of Appeals). Count One, accordingly, no longer is an "offense charged" against the defendant for purposes of the rebuttable presumption of section 3142(e) or sections 3142(g)(1) or (2).

The government's arguments against this interpretation are unpersuasive, while several of the defendant's arguments, and my own research, support it.[7]

The government points out that section 3143 contemplates that, when a defendant appeals, a court must consider his or her likelihood of success on appeal in making a bail/detention determination, whereas, when the government appeals, the court is directed simply to make its bail/detention determination in accordance with section 3142. *See* Government's Post-Hearing Brief at 1; 18 U.S.C. §§ 3143(b)(1)(B) & (c). The government reasons that its chances of success on appeal are irrelevant to the bail/detention determination, which hinges

---

[7] Two of the defendant's points are not helpful or persuasive. The Speedy Trial Act cases that he cites do not address the question of whether an indictment is considered "dismissed" for purposes of the Speedy Trial Act if the government appeals the dismissal. *See* Defendant's Post-Hearing Brief at 5-6; *United States v. Barraza-Lopez*, 659 F.3d 1216 (9th Cir. 2011); *United States v. Saravia*, 851 F. Supp. 494 (D. Me. 1994). Also, he mistakenly posits that the government effectively asks me to disregard the dismissal of Count One, in violation of a Magistrate Judge's duty to give full faith and credit to the ruling of a District Judge. The government does not ask me to disregard the dismissal. Rather, it argues that, given the pendency of its appeal of the dismissal, Count One remains relevant for purposes of bail/detention analysis pursuant to 18 U.S.C. § 3142.

9

solely on the application of section 3142.  *See* Government's Post-Hearing Brief at 1.  I agree.  Yet, that begs the question of whether, for purposes of 3142(g)(1) and (2), the dismissal removes Count One from play.  As noted above, I find that it does.  In so finding, I do not factor in the government's chances of success in its appeal.  To the contrary, I focus on the fact that this court has dismissed the charge.[8]

The government's reliance on *Jones* is misplaced for the reasons noted by the defendant in his post-hearing reply brief.  *See* Defendant's Post-Hearing Reply at 2-3.  Most notably, in *Jones*, the United States District Court for the District of Columbia observed that, "[a]lthough Jones's conviction has been reversed, his appeal remains pending because the Court of Appeals has withheld its mandate until the Supreme Court's final disposition of the case."  *Jones*, 800 F. Supp.2d at 92.  "Thus," as the defendant observes, "there was no judgment of acquittal in the District Court and the charge remained pending."  Defendant's Post-Hearing Reply at 3.  In this case, by contrast, this court has dismissed Count One.

As the defendant argues, *see* Defendant's Post-Hearing Brief at 6-7, his position is bolstered by caselaw in which, for bail/detention purposes, courts excluded suppressed evidence in assessing the weight of the evidence pursuant to section 3142(g)(2) despite the pendency of an appeal by the government of the underlying suppression order, *see United States v. Barner*, 743 F. Supp.2d 225, 227, 230-32 (W.D.N.Y. 2010); *United States v. Jay*, 261 F. Supp.2d 1235, 1237, 1241 (D. Or. 2003).

The *Barner* court explained why, despite the pendency of the government's appeal, it excluded the suppressed evidence from the bail/detention calculus:

---

[8] Moreover, as the defendant notes, *see* Defendant's Post-Hearing Reply at 2, the government's interpretation of 18 U.S.C. §§ 3142 and 3143 places certain defendants who have been convicted but have taken a likely successful appeal in a better position for purposes of release than a defendant who has won a pretrial dismissal of the charges against him or her from which the government has appealed.  That is a curious result.

> The government has already had two bites at the apple in arguing that suppression is not warranted: it failed to convince me, and then it failed to convince Judge Skretny on a *de novo* review of my recommendation . . . .
>
> Given that two levels of this court have now concluded that the only evidence upon which defendant could be convicted must be suppressed, what legitimate basis can there be for continuing to detain defendant? After all, the Bail Reform Act only authorizes a defendant's detention 'before trial' (*see* 18 U.S.C. § 3142(e)(1)), and unless the suppression order is reversed, there will *be* no trial in this case. Defendant has already been in custody for over 2-1/2 years, and both sides agree that the government's appeal is not likely to be resolved for at least another year, or possibly longer. When the admissibility of all evidence against defendant is questionable, as here, prolonged pretrial detention must be subjected to more careful scrutiny than might otherwise be required.

*Barner*, 743 F. Supp.2d at 230-31 (citation and internal punctuation omitted) (emphasis in original).

The government distinguishes these cases on the bases that (i) the evidence relating to Count One is the same as when this court initially ordered the defendant detained, with no evidence having been suppressed, and (ii) the Dismissal Order was purely a decision on the legal merits. See Government's Post-Hearing Reply at 2. Nonetheless, *Barner* and *Jay* stand for the proposition that decisions on the "legal merits," such as whether evidence has been seized in violation of a defendant's Fourth Amendment rights, bear on bail/detention analysis pursuant to section 3142(g) even when those decisions are the subject of a pending government appeal.

As the defendant points out, *see* Defendant's Post-Hearing Brief at 7, courts have factored suppression decisions into the analysis even in considering whether to apply the rebuttable presumption pursuant to section 3142(e), despite the fact that the relevant charges had not been dismissed, *see United States v. Fulgham*, No. CR 12-0124 CW (KAW), 2012 WL 2792439, at *2 (N.D. Cal. July 9, 2012) (holding that the rebuttable presumption was not triggered in circumstances in which "the evidence of the crime has been suppressed and it is unlikely that Defendant will be convicted of the crime (unless the suppression is overturned on

appeal)"); *Jay*, 261 F. Supp.2d at 1239-40 ("The government concedes it is unlikely Defendants will be convicted of one or more of the presumption-qualifying offenses in the absence of the suppressed evidence.  The Court concludes, therefore, the presumption that no condition or combination of conditions would reasonably assure Defendants' appearance at future hearings as well as the safety of the community is not triggered in this instance.").  In *Fulgham*, as in *Jay*, the government's appeal of the underlying suppression decision was pending at the time of the bail/detention decision.  *See Fulgham*, 2012 WL 2792439, at *1.[9]

In this case, as the defendant underscores, *see* Defendant's Post-Hearing Brief at 6-7, the court has done more than suppress evidence in support of a charge: it has dismissed the entire charge on double jeopardy grounds.  This implicates not only sections 3142(e) and 3142(g)(2) – the rebuttable presumption and the weight of the evidence – but also section 3142(g)(1) – the nature and circumstances of the offense charged.  *See, e.g.*, Judy Clarke, *Making Sense of the Bail Reform Act[:] What It Means to Your Practice*, 2-SPG Crim. Just. 11, 45 (Spring 1987) ("Counsel must remember that 18 U.S.C. § 3142 applies to persons 'charged with an offense.'  Therefore, if the government appeals an order of dismissal (as opposed to suppression) arguably the defendant must be freed as no charge is pending.").

Beyond this, my research discloses two cases in which courts considered whether to continue to detain a defendant whose motion to dismiss the charges against him was granted pending an appeal by the government.  In *United States v. Shavanaux*, No. 2:10 CR 234 TC,

---

[9] The government argues that *Fulgham* actually supports its position because, in that case, the court took into account the relevant charge for purposes of section 3142(g)(1) and the suppressed evidence for purposes of section 3142(g)(2), ultimately concluding that the defendant should be detained.  *See* Government's Post-Hearing Reply at 3 & n.2; *Fulgham*, 2012 WL 2792439, at *2, *4.  The *Fulgham* court applied a "cost-benefit analysis" to determine whether the suppressed evidence should be considered for purposes of section 3142(g)(2).  *See Fulgham*, 2012 WL 2792439, at *2 (citation and internal quotation marks omitted).  From all that appears, neither this court nor the First Circuit has addressed the question of the standard to be applied in including or excluding suppressed evidence from the bail/detention calculus pursuant to section 3142(g).  In any event, in this case, the relevant charge was dismissed.

2010 WL 4608317 (D. Utah Nov. 5, 2010), the United States District Court for the District of Utah held that it lacked authority, pursuant to 18 U.S.C. § 3141(b), to continue to hold a defendant pending appeal where a judge had dismissed the indictment, and that, in the alternative, pursuant to 18 U.S.C. § 3142(g), "looking at the nature o[r] the circumstances of the offense charged, and the weight of the evidence that [the court] has before it, . . . there is a judicial determination by the district court judge that there is currently no offense charged." *Shavanaux*, 2010 WL 4608317, at *1-*2. The court found that "[t]his weighs heavily in the Court[']s determination of detention." *Id*. at *2.

In *Frage v. Eddington*, 26 M.J. 927 (N-M.C.M.R. 1988), the U.S. Navy-Marine Corps Court of Military Review held that, while Article 62, UCMJ, authorized continued pretrial confinement pending a government appeal:

> No basis exists for continued confinement . . . in situations where further prosecution is barred by the trial court's ruling. In the situation at hand, the military judge ruled that the prosecution of the Petitioner on the affected charges is absolutely barred by the Petitioner's invocation of the statute of limitations. Therefore, there is no 'offense triable by court-martial.' Hence, an essential element for pretrial confinement is lacking.
>
> Certainly, if the Government so desires, it may continue its Article 62, UCMJ, appeal as permitted by law. However, based upon the existing state of affairs, we cannot allow the Government to continue pretrial confinement of the Petitioner on the hopeful speculation that the military judge's decision dismissing the charges will be reversed eventually by a higher appellate court.

*Frage*, 26 M.J. at 928-29 (footnote and citations omitted). While *Frage* is not a federal court decision, it is instructive.

Taken together, *Shavanaux* and *Frage* suggest that, for purposes of assessing the nature and circumstances of the charged offenses and the weight of the evidence pursuant to sections 3142(g)(1) and (2), a dismissed charge should not be taken into account, even if the government has appealed its dismissal.

In this case, the Dismissal Order leaves three charges pending against the defendant. Yet, the government does not press for continued detention on the basis of those charges. Its counsel acknowledged, at hearing, that the defendant has been detained for a total of more than five years since the pendency of *Szpyt I*, a greater period of time than the sentence to which he could be subject if he were convicted on each of the three remaining charges, received the maximum sentence of four years on each, and were ordered to serve those sentences concurrently.

I am persuaded that the dismissal of Count One removes it from the calculus of factors to be considered pursuant to 18 U.S.C. §§ 3142(e), (g)(1), and (g)(2), despite the pendency of the government's appeal of that dismissal. The government has conceded that, in that circumstance, the defendant would be subject to release on strict conditions.

## IV. Conclusion

For the foregoing reasons, the Motion is **_GRANTED_**. The parties are **_DIRECTED_** to (i) confer to attempt to agree upon conditions of release and (ii) file, no later than August 19, 2013, either a joint proposed order setting conditions of release or, barring such agreement, separate proposed orders.

Dated this 7th day of August, 2013.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge